[Civ. No. 2290. Second Appellate District, Division One.—February 21, 1919.]

## NELLIE M. FORRINGTON, Respondent, v. COUNTY OF SAN LUIS OBISPO, Appellant.

[1] SALARY—ACTION FOR — COMMISSIONER AT EXPOSITION — DURATION OF EMPLOYMENT.—In this action against a county to recover three months' salary, claimed as an employee of the county under the designation of commissioner for the county at the Panama-Pacific International Exposition of 1915, the evidence is held sufficient to support the finding that the plaintiff was employed for a definite period including the three months in question.

APPEAL from a judgment of the Superior Court of San Luis Obispo County. J. A. Bardin, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Charles A. Palmer, District Attorney, and L. A. Enos, Assistant District Attorney, for Appellant.

Lamy & Putnam for Respondent.

CONREY, P. J.—The defendant appeals from the judgment, which covers three months of salary claimed by the plaintiff as an employee of the county of San Luis Obispo, under the designation of commissioner for the county at the Panama-Pacific International Exposition in 1915; being at the rate of $150 per month, for the months of July, August, and September, 1915.

A typewritten clerk's transcript on appeal and a typewritten transcript of the phonographic report of the trial have been filed. Appellant has not caused to be printed with its brief, or as a supplement thereto, any part of the record, but has made a narrative statement of the pleadings. The brief for appellant discusses, without quotation thereof, certain items of evidence, which fall under the claim that the evidence was insufficient to justify the decision.

By certain evidence printed in respondent's brief, we learn that by resolution of the board of supervisors, three "commissioners" were selected, "to represent the county in collect-

ing and installing an exhibit of the resources of the county at the Panama-Pacific International Exposition, *and maintaining the same during the exposition year.*"

Appellant contends that the employment of respondent was not for a specified term, and that therefore it was terminable upon notice or at the will of the employer. It also claims that the board of supervisors did, by resolution of June 8, 1915, terminate plaintiff's employment. The briefs do not contain any copy of that supposed resolution. It should have been presented in printed form if counsel desired to bring it to the attention of the court. (Code Civ. Proc., sec. 953c; *Hepler* v. *Wright,* 35 Cal. App. 567, 575, [170 Pac. 667]; *Jones* v. *American Potash Co.,* 35 Cal. App. 128, [169 Pac. 397].)

[1] The omission above mentioned, however, is not very important; for we think that the evidence quoted in respondent's brief, as above noted, is sufficient to support the court's finding that plaintiff's employment was for a definite period, including the months covered by the demand made in this action. It is not denied by counsel for appellant that if the liability exists, the amount of the judgment is correct; they admit that (prior to the time of plaintiff's acceptance of the employment), the salary of plaintiff was by resolution fixed at the monthly rate of $150, "from January 15, 1915, to December 15, 1915."

The judgment is affirmed.

Shaw, J., and James, J., concurred.